IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRELL O'NEAL,

    Plaintiff,                    No. CIV S-04-0260 LKK JFM P

    vs.

WHITE, et al.,

    Defendants.              <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed February 3, 2005, this court determined that plaintiff's amended complaint states a cognizable claim for relief against defendants White; C.C. I Speth; C.O. T. Lee; Psychiatrist Dr. Soufi; Dr. Radumishiu; Gallardo; and Crawford and directed plaintiff to return forms necessary for service of process on said defendants. On February 23, 2005, plaintiff returned the necessary forms.

        On February 15, 2005, plaintiff filed a document styled "Motion to Amend and Consolidate Complaint and Additional Def's," and on April 19, 2005, plaintiff filed a request for leave to file a supplemental complaint pursuant to Fed. R. Civ. P. 15(d). Neither motion was accompanied by a proposed second amended complaint.

/////

1

Plaintiff is informed that Local Rule 15-220 requires the operative pleading in an action to be complete in itself without reference to any prior pleading. See Local Rule 15-220. Moreover, without a proposed second amended complaint the court is unable to determine whether such a pleading would state a cognizable claim for relief against one or more of the proposed new defendants.

Good cause appearing, plaintiff's amended complaint will be dismissed and plaintiff will be granted a period of thirty days in which to file a second amended complaint that names all defendants and raises all claims that he seeks to pursue in this action. The court will not make any orders for service of process on any defendant in this action unless and until plaintiff files a second amended complaint.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

A motion for preliminary injunction is appended to plaintiff's April 19, 2005 request for leave to file a supplemental complaint. The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on

1 the merits.  See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947 (1973).  In
2 addition to demonstrating that he will suffer irreparable harm if the court fails to grant the
3 preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim.
4 Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting
5 Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584
6 F.2d 308, 315 (9th Cir. 1979).  Implicit in this required showing is that the relief awarded is only
7 temporary and there will be a full hearing on the merits of the claims raised in the injunction
8 when the action is brought to trial.  In addition, as a general rule this court is unable to issue an
9 order against individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v.
10 Hazeltine Research, Inc., 395 U.S. 100 (1969).

        For the foregoing reasons, plaintiff's motion for preliminary injunction will be denied without prejudice to its renewal, if appropriate, with the filing of the second amended complaint.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Plaintiff's February 15, 2005 and April 19, 2005 motions to amend and supplement his amended complaint are granted.

        2. Plaintiff's amended complaint is dismissed.

        3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

/////

/////

1       4. Plaintiff's April 19, 2005 motion for preliminary injunction is denied without
2 prejudice to its renewal, if appropriate, with the filing of the proposed second amended
3 complaint.
4 DATED: May 6, 2005.

                                      UNITED STATES MAGISTRATE JUDGE

12
onea0260.2am