IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRELL O'NEAL,

        Plaintiff,                  No. CIV S-04-0260 LKK JFM P

    vs.

WHITE, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed February 3, 2005, this court determined that plaintiff's amended complaint states a cognizable claim for relief against defendants White; C.C. I Speth; C.O. T. Lee; Psychiatrist Dr. Soufi; Dr. Radumishiu; Gallardo; and Crawford and directed plaintiff to return forms necessary for service of process on said defendants. On February 23, 2005, plaintiff returned the necessary forms.

        On February 15, 2005, plaintiff filed a document styled "Motion to Amend and Consolidate Complaint and Additional Def's," and on April 19, 2005, plaintiff filed a request for leave to file a supplemental complaint pursuant to Fed. R. Civ. P. 15(d). Neither motion was accompanied by a proposed second amended complaint.

/////

1

By order filed May 9, 2005, plaintiff was informed that Local Rule 15-220 requires the operative pleading in an action to be complete in itself without reference to any prior pleading, see Local Rule 15-220, plaintiff's amended complaint was dismissed and plaintiff was given leave to file a second amended complaint naming all defendants and raising all claims that he seeks to pursue in this action. After receiving an extension of time, plaintiff has now filed a second amended complaint.

It is apparent that plaintiff is attempting to raise in this action Eighth Amendment claims based on alleged deliberate indifference to his serious medical need for proper mental health care and alleged failure to protect plaintiff from sexual assault by other inmates, and he has adequately stated such claims at least against defendant White. There are, however, many other individuals named in the body of the second amended complaint that plaintiff may have intended to name as defendants in this action.

Federal Rule of Civil Procedure 10(c) requires that all named defendants be identified in the caption of a complaint, and plaintiff's failure to comply with this rule has made it difficult to determine who all of the defendants are in this action. In addition, although it appears that plaintiff intends to name some or all of them as defendants in this action, he has failed to adequately allege specific acts or omissions by these individuals that caused or contributed to violations of plaintiff's constitutional rights.

For these reasons, the second amended complaint will be dismissed and plaintiff will be given an opportunity to file a third amended complaint. The court will send plaintiff a form civil rights complaint, which he should use to prepare his third amended complaint. Every named defendant should be listed on the caption of the third amended complaint and in the "Defendants" section of the form complaint.

If plaintiff chooses to file a third amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the second amended complaint

2

must allege in specific terms how each named defendant is involved. That is, plaintiff must allege specific acts or omissions by each named defendant that caused or contributed to the alleged violations of his constitutional rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that once plaintiff files a third amended complaint, prior pleadings no longer serves any function in the case. Therefore, in a third amended complaint, as in prior complaints, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff has included a motion for appointment of counsel with his second amended complaint. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's motion for the appointment of counsel will therefore be denied.

Plaintiff has also appended a motion for preliminary injunction to his second amended complaint. The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. <u>See</u> C. Wright & A. Miller, 11 <u>Federal Practice and Procedure</u>, §2947 (1973). In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. <u>Sports Form, Inc. v. United Press</u>

3

International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979).  Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.  In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

For the foregoing reasons, plaintiff's motion for preliminary injunction will be denied without prejudice to its renewal, if appropriate, with the filing of the third amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file a third amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the third amended complaint must be prepared on the form provided with this order, bear the docket number assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an original and two copies of the third amended complaint; failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

3. Plaintiff's August 4, 2005 motion for appointment of counsel is denied.

4. Plaintiff's August 4, 2005 motion for preliminary injunction is denied without prejudice to its renewal, if appropriate, with the filing of the proposed third amended complaint.

/////

/////

/////

/////

4

5. The Clerk of the Court is directed to send plaintiff this Court's form for a prisoner civil rights action pursuant to 42 U.S.C. § 1983 and accompanying instructions.

DATED: October 12, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

12
onea0260.3am