IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRELL O'NEAL,

     Plaintiff,                No. CIV S-04-0260 LKK JFM P

     vs.

WHITE, et al.,

     Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  By order October 12, 2005, plaintiff's second amended complaint was dismissed with leave to file a third amended complaint.  After receiving several extensions of time, plaintiff has now filed a third amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

/////

1

1          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7   Cir. 1989); Franklin, 745 F.2d at 1227.

8          A complaint, or portion thereof, should only be dismissed for failure to state a

9   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

10   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

11   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

12   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

13   complaint under this standard, the court must accept as true the allegations of the complaint in

14   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

15   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

16   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17          As with the second amended complaint, it is apparent that plaintiff is attempting

18   to raise in this action Eighth Amendment claims based on alleged deliberate indifference to his

19   serious medical need for proper mental health care and alleged failure to protect plaintiff from

20   sexual assault by other inmates.  Once again, however, plaintiff has failed to properly identify

21   which of the many individuals named in the pleading he intends to name as defendants in this

22   action.

23          As plaintiff was advised in the court's October 12, 2005 order, Federal Rule of

24   Civil Procedure 10(c) requires that all named defendants be identified in the caption of a

25   complaint.  Here, plaintiff has named ten individuals as defendants in the caption of the third

26   amended complaint.  In the body of the third amended complaint there are allegations against

1   nine of these ten individuals as well as allegations against nine other individuals.  Some of the

2   allegations of personal involvement by individuals are conclusory or made by reference to

3   exhibits attached to the third amended complaint and do not adequately allege specific acts or

4   omissions by these individuals that caused or contributed to violations of plaintiff's

5   constitutional rights.

6           For these reasons, the third amended complaint will be dismissed and plaintiff

7   will be given one final opportunity to amend his complaint.  The court will once again send

8   plaintiff a form civil rights complaint, which he should use to prepare his fourth amended

9   complaint.[1]  Every named defendant should be listed on the caption of the fourth amended

10  complaint and in the "Defendants" section of the form complaint.

11          In <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996), the United States Court

12  of Appeals for the Ninth Circuit observed that the Federal Rules require a complaint to consist of

13  "simple, concise, and direct" averments.  <u>Id</u>.  As a model of concise pleading, the court quoted

14  the standard form negligence complaint from the Appendix to the Federal Rules of Civil

15  Procedure:

16      1.  Allegation of jurisdiction.

17      2.  On June 1, 1936, in a public highway, called Boylston Street, in Boston
        Massachusetts, defendant negligently drove a motor vehicle against plaintiff, who
18      was then crossing said highway.

19      3.  As a result plaintiff was thrown down and had his leg broken, and was
        otherwise injured, was prevented from transacting his business, suffered great
20      pain of body and mind, and incurred expenses for medical attention and
        hospitalization in the sum of one thousand dollars.

21
        Wherefore plaintiff demands judgment against defendant in the sum of one
22      thousand dollars.

23  <u>Id</u>.  If plaintiff chooses to file a fourth amended complaint, he should, using the above model, set

24  _____

25      [1]  Plaintiff did file his third amended complaint on the form provided with the court's
    October 12, 2005 order.  Plaintiff is cautioned that sanctions, including but not limited to
    dismissal of the action, may be imposed for failure to comply with this court's orders.  <u>See</u> Local
26  Rule 11-110.

1  forth specific allegations against each properly named defendant that describe acts or omissions

2  by each defendant that contributed or caused a violation of plaintiff's constitutional rights.

3          In addition, plaintiff is once again informed that once he files a fourth amended

4  complaint, prior pleadings no longer serves any function in the case.  Therefore, in a fourth

5  amended complaint, as in prior complaints, each claim and the involvement of each defendant

6  must be sufficiently alleged.

7          In accordance with the above, IT IS HEREBY ORDERED that:

8          1.  Plaintiff's third amended complaint is dismissed.

9          2. Plaintiff is granted thirty days from the date of service of this order to file a

10  third amended complaint that complies with the requirements of the Civil Rights Act, the Federal

11  Rules of Civil Procedure, and the Local Rules of Practice; the fourth amended complaint must be

12  prepared on the form provided with this order, bear the docket number assigned this case and

13  must be labeled "Fourth Amended Complaint"; plaintiff must file an original and two copies of

14  the fourth amended complaint; failure to file a fourth amended complaint in accordance with this

15  order will result in a recommendation that this action be dismissed.

16          3.  The Clerk of the Court is directed to send plaintiff this Court's form for a

17  prisoner civil rights action pursuant to 42 U.S.C. § 1983 and accompanying instructions.

18  DATED:  May 7, 2007.

19

20                                         UNITED STATES MAGISTRATE JUDGE

21

22  12
   onea0260.4am
23

24

25

26

4