1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TERRELL O'NEAL,

11          Plaintiff,                          No. CIV S-04-0260 LKK JFM P

12      vs.

13   WHITE, et al.,

14          Defendants.                    FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  This matter is before the court on defendants' motion to dismiss pursuant to

18   Rule 12 of the Federal Rules of Civil Procedure.  Defendants contend that plaintiff failed to

19   exhaust administrative remedies prior to suit and that plaintiff has failed to state a claim upon

20   which relief may be granted.

21                     ALLEGATIONS OF THE FOURTH AMENDED COMPLAINT[1]

22          Plaintiff's fourth amended complaint contains the following allegations.  On July

23   28, 2004, plaintiff submitted a CDC 602 appeal which was rejected by defendant Cry on the

24   ground that it presented a duplicate issue.  Defendant Cry repeatedly rejected plaintiff's concerns

25   _____

26       [1]  This action is proceeding on the fourth amended complaint, filed August 20, 2007, on
     claims against defendants M. Cry, White, Yarber, and Teresa A. Schwartz.

                                                 1

1   about his safety following plaintiff's sexual abuse by a cellmate, and plaintiff continues to be

2   celled with violent inmates.

3           On September 16, 2003, plaintiff told defendant White, his clinician, "that spiders

4   was crawling in my skin and I used a razor blade to get them out." Fourth Amended Complaint,

5   filed August 20, 2007, at 4. Defendant White failed to refer plaintiff to a psychiatrist or to the

6   Department of Mental Health. Defendant White failed to prevent further harm to plaintiff after

7   he was sexually abused by his cellmate. Defendant White was a witness and testified at a

8   disciplinary hearing against plaintiff. Defendant Schwartz was informed about plaintiff's

9   grievance but allowed defendants to violate plaintiff's rights.

10          On February 28, 2005, plaintiff told defendant Yarber that he was "hearing

11  suicidal voices ordering [him] to kill [him]self." Fourth Amended Complaint, at 4. Defendant

12  Yarber failed to do anything to protect plaintiff or have him seen by a doctor.

13          A copy of plaintiff's amended complaint and other documents filed in this action,

14  as well as copies of inmate grievances, medical records, and other documents are attached as

15  exhibits to the fourth amended complaint.

16                              DEFENDANTS' MOTION TO DISMISS

17          As noted above, defendants move to dismiss the complaint on two grounds. First,

18  they contend that plaintiff failed to exhaust administrative remedies for his claims prior to suit.

19  Second, they contend that plaintiff has failed to state a cognizable claim for relief against any

20  named defendant.

21          "Section 1997e(a) of Title 42 of the United States Code provides:

22          No action shall be brought with respect to prison conditions under
            [42 U.S.C. § 1983], or any other Federal law, by a prisoner
23          confined in any jail, prison, or other correctional facility until such
            administrative remedies as are available are exhausted.

24

25  This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)."

26  McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002). Exhaustion must precede the

1  filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion

2  requirement during the course of an action.  Id. at 1200.  Claims dismissed for failure to exhaust

3  administrative remedies should be dismissed without prejudice.  Id.

4            California's Department of Corrections provides a four-step
          grievance process for prisoners who seek review of an
5         administrative decision or perceived mistreatment. Within fifteen
          working days of "the event or decision being appealed," the inmate
6         must ordinarily file an "informal" appeal, through which "the
          appellant and staff involved in the action or decision attempt to
7         resolve the grievance informally."  Cal.Code Regs., tit. 15, §§
          3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not
8         resolved during the informal appeal, the grievant next proceeds to
          the first formal appeal level, usually conducted by the prison's
9         Appeals Coordinator.  Id. §§ 3084.5(b), 3084.6(c). Next are the
          second level, providing review by the institution's head or a
10        regional parole administrator, and the third level, in which review
          is conducted by a designee of the Director of the Department of
11        Corrections.  [Footnote omitted.]  Id. § 3084.5(e)(1)-(2).

12  Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005.)  Department regulations require that

13            (1) Informal level responses shall be completed within ten working
          days.
14
          (2) First level responses shall be completed within 30 working
15        days.

16        (3) Second level responses shall be completed within 20 working
          days, or 30 working days if first level is waived pursuant to section
17        3084.5(a)(3).

18        (4) Third level responses shall be completed within 60 working
          days.
19

20  Cal.Code Regs., tit. 15, § 3084.6(b).   The time limits for reviewing appeals starts on the date the

21  appeal is received by the appeals coordinator.  Cal.Code Regs., tit. 15, § 3084.6(a).

22            Plaintiff's claim against defendant Cry is based on defendant Cry's rejection of an

23  inmate appeal on July 28, 2004, and alleged "repeated rejections" of plaintiff's safety concerns

24  after plaintiff was sexually abused by a cellmate.  Fourth Amended Complaint, at 3.  Plaintiff's

25  claim against defendant White is based on defendant White's alleged failure to refer plaintiff to a

26  psychiatrist or to the Department of Mental Health and defendant White's alleged failure to

1    prevent further harm to plaintiff after he was sexually abused by his cellmate.  Plaintiff's claim

2    against defendant Schwartz is based on defendant Schwartz's failure to stop the violations of

3    plaintiff's rights even when informed of plaintiff's grievance.

4                    Exhibits appended to plaintiff's fourth amended complaint show that on July 28,

5    2004, defendant Cry rejected an appeal filed by plaintiff on the ground that it was a duplicate of

6    another appeal, CMF-03-M-1984.  Ex. A to Fourth Amended Complaint.  Plaintiff commenced

7    appeal No. 03-1984 on October 30, 2003, by submitting a grievance challenging a decision made

8    by several individuals, including defendant White, to remove plaintiff from the enhanced

9    outpatient program at California Medical Facility.  Ex. C to Fourth Amended Complaint.

10   Plaintiff alleged, inter alia, that he was hearing voices, and that he had told defendant White of

11   instances where he had been sexually abused by a cellmate but that defendant White had failed to

12   protect him from further harm or abuse.  Id.  This appeal was accepted for review at the first

13   formal level of review on November 13, 2003.  Declaration of M. Cry in Support of Defendants'

14   Motion to Dismiss, filed January 7, 2008 (Cry Declaration), at ¶ 5.  It was denied at that level of

15   review on December 18, 2003.  Ex. D to Fourth Amended Complaint, Memorandum dated

16   December 18, 2003.  The appeal was reviewed at the second level "on behalf of" defendant

17   Schwartz and denied at that level of review on February 11, 2004.  Ex. C to Fourth Amended

18   Complaint.  It was denied at the third and final level of review on May 27, 2004.  Cry

19   Declaration at ¶ 5.

20                   This action was filed on February 4, 2004, more than three months before the

21   foregoing grievance was resolved at the final level of administrative review.  As noted above,

22   plaintiff can only raise in this action claims for which administrative remedies were exhausted

23   prior to the date on which this action was filed.  See McKinney, supra.  Plaintiff did not exhaust

24   administrative remedies with respect to the foregoing claims against defendants Cry, White or

25   Schwartz prior to suit.  Those claims should therefore be dismissed without prejudice.

26   /////

1    Plaintiff also claims that defendant White violated his constitutional rights by

2  testifying against him at a prison disciplinary hearing.  Exhibits appended to plaintiff's complaint

3  show that the disciplinary proceedings implicated by this claim took place on September 25,

4  2004, more than seven months after this action was commenced.  Since that testimony was given

5  after initiation of this action, it plain that plaintiff did not exhaust administrative remedies with

6  respect to that claim prior to suit.  This claim should therefore be dismissed without prejudice.

7    Plaintiff's claim against defendant Yarber is based on events that occurred on or

8  after February 28, 2005.  See Fourth Amended Complaint, at 4.  Since those events occurred after

9  initiation of this action, it is plain that plaintiff did not exhaust administrative remedies with

10  respect to that claim prior to suit.  Plaintiff's claims against defendant Yarber should therefore be

11  dismissed without prejudice.[2]

12    For all of the foregoing reasons, this court finds that plaintiff failed to exhaust

13  administrative remedies prior to suit for any of the claims raised in the fourth amended

14  complaint.  For that reason, defendants' motion to dismiss should be granted and this action

15  should be dismissed without prejudice.

16    On April 7, 2008, plaintiff filed a motion for leave to file a fifth amended

17  complaint.  On May 2, 2008, defendants filed an opposition to the motion contending, inter alia,

18  that amendment would be futile because the claims raised in the fifth amended complaint were

19  not administratively exhausted prior to the date this action was filed.  Defendants' contention is

20  well-taken.  Plaintiff's motion for leave to amend should be denied.

21    In accordance with the above, IT IS HEREBY RECOMMENDED that:

22    1. Defendants' January 7, 2008 motion to dismiss this action be granted on the

23  ground that plaintiff failed to exhaust administrative remedies prior to suit;

24

25    [2] Exhibits appended to the fourth amended complaint show that defendant Schwartz also
had some involvement in the grievance filed by plaintiff against defendant Yarber.  It is not clear
whether plaintiff has raised a claim against defendant Schwartz extend to this grievance but
26  assuming he has it too must be dismissed without prejudice.

1        2.  Plaintiff's April 7, 2008 motion for leave to file a fifth amended complaint be

2   denied; and

3        3.  This action be dismissed without prejudice for failure to exhaust administrative

4   remedies prior to suit.

5        These findings and recommendations are submitted to the United States District

6   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

7   days after being served with these findings and recommendations, any party may file written

8   objections with the court and serve a copy on all parties.  Such a document should be captioned

9   "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

10  failure to file objections within the specified time may waive the right to appeal the District

11  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  DATED: May 27, 2008.

13

14  _____
    UNITED STATES MAGISTRATE JUDGE

15

16  12

17  onea0260.mtd

18

19

20

21

22

23

24

25

26